James D. Holman, Esq., ISB #2547
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
holman@ts-lawoffice.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SHAWN A. MOORE and DeDe JARDINE, ) | | Case No. |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | COMPLAINT AND |
| ) | | DEMAND FOR JURY TRIAL |
| DEER VALLEY TRUCKING, INC., ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Plaintiffs Shawn A. Moore and DeDe Jardine, for cause of action against defendant Deer

Valley Trucking, Inc., state and allege as follows:

1.      This court has jurisdiction pursuant to 29 USC §216(b) of the Fair Labor Standards

Act of 1938.

2.      Plaintiff Shawn A. Moore is a resident of Bonneville County, Idaho.

3.      Plaintiff DeDe R. Jardine is a resident of Bonneville County, Idaho.

4.      Defendant Deer Valley Trucking, Inc. is an Idaho corporation in good standing with

its principal place of business in Idaho Falls, Idaho.

1 -     COMPLAINT AND DEMAND FOR JURY TRIAL

5.       Defendant Deer Valley Trucking, Inc. is an employer within the meaning of 29 USC §203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §203(s)(1), Fair Labor Standards Act of 1938.

6.       On April 26, 2012 Deer Valley Trucking, Inc. hired plaintiff DeDe R. Jardine as a "truck pusher" to work in the oil fields of North Dakota. Although DeDe R. Jardine worked in North Dakota, she was hired out of Deer Valley Trucking, Inc.'s primary place of business in Idaho Falls, was paid out of Idaho Falls, was directed out of Idaho Falls, and had close working connections with management in the Idaho Falls office.

7.       In May 2012 Deer Valley Trucking, Inc. hired plaintiff Shawn A. Moore as a "truck pusher" to work in the oil fields of North Dakota. Although Shawn A. Moore worked in North Dakota, he was hired out of Deer Valley Trucking, Inc.'s primary place of business in Idaho Falls, was paid out of Idaho Falls, was directed out of Idaho Falls, and had close working connections with management in the Idaho Falls office.

8.       Both DeDe R. Jardine and Shawn A. Moore were paid on a "day rate," pursuant to which Deer Valley Trucking, Inc. paid them a set rate per day, for each day worked, regardless of the number of hours worked on a given day.

9.       At all times relevant hereto, plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §206 and 207, Fair Labor Standards Act of 1938.

10.      At no time during the course of their employment were plaintiffs "exempt employees" within the meaning of 29 USC §213, Fair Labor Standards Act of 1938.

2 -     COMPLAINT AND DEMAND FOR JURY TRIAL

11.     During the course of plaintiffs' employment with defendant, defendant regularly and consistently required plaintiffs, as a condition of continued employment, to work in excess of 40 hours per week.  Notwithstanding the fact that defendant required plaintiffs to regularly and consistently work in excess of 40 hours per week, defendant failed to pay plaintiffs overtime compensation as required by 29 USC §207(a)(1), Fair Labor Standards Act of 1938.

12.     Defendant's failure to pay overtime compensation to plaintiffs is a violation of 29 USC §207(a)(1), Fair Labor Standards Act of 1938.  Pursuant to 29 USC §216(b), plaintiffs are entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages, or prejudgment interest on the amount of the unpaid overtime compensation.

13.     Pursuant to 29 USC §216(b), plaintiffs are entitled to recover from defendant plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action.

WHEREFORE, plaintiffs pray the judgment, order and decree of this court as follows:

1.      For an award of damages in the amount of plaintiffs' unpaid overtime wages, in accordance with 29 USC §216(b), in an amount to be proven at trial;

2.      For an award of damages in an additional equal amount as liquidated damages pursuant to 29 USC §216(b) or, in the alternative, for prejudgment interest on the unpaid overtime wages;

3.      For plaintiffs' reasonable attorney fees and costs incurred herein pursuant to 29 USC §216(b); and

4.      For such other and further relief as the court deems just and proper.

3 -     COMPLAINT AND DEMAND FOR JURY TRIAL

DATED this 25th day of January, 2013.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _James D. Holman_ _____
       James D. Holman, Esq.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

DATED this 25th day of January, 2013.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _James D. Holman_ _____
       James D. Holman, Esq.

JDH:clm
9561\PLEADINGS\001 Complaint

4 -    COMPLAINT AND DEMAND FOR JURY TRIAL