UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN A. MOORE and DEDE JARDINE, individuals,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEER VALLEY TRUCKING, INC., and Idaho corporation,<br><br>　　　　Defendant. | Case No. 4:13-cv-00046-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

The Court has before it defendant Deer Valley Trucking, Inc.'s ("DVT") motion in limine to exclude the expert opinions of Tyler Bowles. For the reasons expressed below, the Court will exclude his opinions on the accuracy or completeness of time sheet records, but deny the remainder of the motion.

# LEGAL STANDARD

## I. Rule 702 Standard

Whether and to what extent Bowles may testify at trial is addressed under the well-known standard first enunciated in *Daubert* and its progeny, but now set forth in Rule 702 of the Federal Rules of Evidence. Rule 702 establishes several requirements for permitting expert opinion. First, the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*,

598 F.3d at 563, (9th Cir.2010); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id*. (Internal quotations and citation omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id*. If specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93, (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, (1999).

The inquiry is a flexible one. *Primiano*, 598 F.3d at 564, (9th Cir.2010) Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. (Internal quotation and citation omitted). Finally, a review of the case law after *Daubert* reveals that exclusion of expert testimony is the exception rather than the rule. Fed. R. Evid. 702, Adv. Comm. Notes (2000).

## ANALYSIS

DVT argues that: (1) Bowles' opinions in a report submitted October 25, 2013 (*Avondet Aff. Ex A*. Dkt. 39-1) should be excluded because it utilizes questionable methods and unreliable principles; and (2) Bowles' opinions in a supplemental report

submitted January 10, 2013, (*Avondet Aff. Ex B*. Dkt. 39-1) should be excluded because it is not based on scientific, technical or other specialized knowledge, and does not assist the trier of fact.

1. **Opinions in Report**

There is no challenge to Bowles' qualifications, skill, experience, or education; only a challenge to the methodology employed to figure overtime compensation described in part of the Code of Federal Regulations. 29 C.F.R. § 778.0. Bowles appears to follow a reasonable methodology outlined in the statute. The hourly rate is determined by dividing the wages earned in a day, by the number of hours worked in that day. 29 C.F.R. § 778.112. Bowles divides a $300 daily rate by 12 hours worked and arrives at a hourly rate of $25 an hour. This hourly rate is used to determine overtime pay at time and a half, for which Bowles arrives at $37.50 an hour. *Avondet Aff. Ex A*. Dkt. 39-1. The methodology used by Bowles appears to be consistent with the methodology described in the Fair Labor Standards Act (FLSA).

The problem seems to come from Bowles' final tally. While Bowles applied a reasonable methodology for calculating wages under FLSA, he failed to consider compensation already paid to plaintiffs in his final tally; an error which he corrects in a rebuttal report. *Holman Aff. Ex B*. Dkt. 48-3. Under these circumstances, the Court does not see a problem with Bowles' methodology in his initial report, but simply an error in a calculation. By correcting this error Bowles changed his estimates for overtime pay from $23,081.63 for Moore and $23,587.50 for Jardine, to $6,649 and $7,450 respectably. The

discrepancy is problematic; however, concerns of this nature are best addressed through "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert,* 509 U.S. at 596.

### 2. Opinions in Supplemental Report.

Bowles submitted a supplemental report offering his opinion that the time sheet records provided by DVT were incomplete and inaccurate. *Avondet Aff. Ex B*. Dkt. 39-1.

Expert testimony is not helpful to the jury – and therefore inadmissible – if it simply tells the jury what result it should reach. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059–60 (9th Cir.2008) (excluding expert testimony regarding application of UCC to facts of the case) (citations omitted). Here, it appears Bowles' opinions are not based on scientific, technical or other specialized knowledge. He simply looked at the record and concluded data was missing. Such observations are within the capacity of the jury, and the use of an expert does not assist the jury to understanding the evidence, or determine a fact in issue. *Primiano*, 598 F.3d at 563, (9th Cir.2010); Fed. R. Evid. 702. On the other hand, if the missing documents affected Bowles calculations, such testimony may be admissible to explain how the inadequately maintained records affected both the plaintiffs' and the defendant's experts ability to accurately calculate damages.

Accordingly, the Court will grant the motion in limine to the extent it seeks to exclude Bowles from offering *expert* testimony that certain time sheets are missing. This does not mean, of course, that plaintiffs are precluded from offering testimony from a *fact*

witness that DVT did not keep accurate or complete time sheets. Such testimony could be provided by an employee of the defendant or even someone, like Bowles, who has reviewed the documents DVT produced in discovery.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine (Dkt. 39) is **DENIED** in part and **GRANTED** in part as explained above.

DATED: October 2, 2014

B. Lynn Winmill
Chief Judge
United States District Court