UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN A. MOORE and DEDE JARDINE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEER VALLEY TRUCKING, INC.,<br><br>　　　　Defendant. | Case No. 4:13-cv-00046-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Plaintiffs' Motion in Limine (Dkt. 32). Plaintiffs ask the Court to prohibit Deer Valley Trucking ("DVT") from (1) presenting evidence at trial regarding ten specific statements listed in its motion, (2) calling witnesses who were not properly disclosed, and (3) presenting witness testimony from Tracey Tremelling about what "pushers" do generally and what Plaintiffs did specifically in their jobs.

1.      **Ten Statements**

Plaintiffs ask the Court to prohibit DVT from presenting testimony at trial that: (1) Plaintiffs were paid four times their value; (2) Plaintiffs were paid $300 per day even on days when they did not work; (3) Plaintiffs received housing subsidies or were living in company housing; (4) Plaintiffs were independent contractors; (5) Plaintiffs caused DVT to lose contracts or lose work; (6) DVT is having financial difficulties; (7) DVT does not want to set a precedent regarding payment of overtime; (8) Plaintiffs were earning more

than others similarly situated; (9) It is the "industry standard" to not pay overtime when paying day rates; and (10) No other trucking companies in North Dakota pay overtime wages to truck pushers.

At first blush, it would appear that the ten statements which concern the Plaintiffs would be irrelevant, and potentially prejudicial. However, motions like this are not easy for the Court to answer outside the context of trial. On the other hand, the Court also understands Plaintiffs' concern that when irrelevant evidence is presented to the jury, it is often difficult to unring that bell. And the Court notes that DVT does not necessarily argue that the ten statements are relevant, but only suggest that the motion is premature.

Under these circumstances, the Court will neither grant nor deny Plaintiffs' motion that the ten statements be excluded. Instead, the Court will instruct counsel that they are not to allow their witnesses to offer such testimony without first notifying opposing counsel and the Court so that the admissibility of the testimony can be resolved outside the presence of the jury. The Court will likely be in a better position to make a ruling at that point.

**2. Witnesses**

Plaintiffs ask the Court to preclude DVT from calling any witnesses at trial who were not properly disclosed in DVT's initial disclosures under Rule 26(a)(1)(A)(i). Rule 26(a)(1)(A)(i) requires a party to disclose "the name, and if known, the address and telephone number of each individual likely to have discoverable information – *along with the subjects of that information* – that the disclosing party may use to support its claims

or defenses, unless the use would be solely for impeachment." Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was *substantially justified or is harmless*. In addition to or instead of this sanction, the court on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A) (i)-(vi)." Fed. R. Civ. P. 37 (emphasis added).

DVT argues that, in its initial disclosures, it properly disclosed the names of the witnesses which it intends to use at trial to support its defenses. However, it makes no real attempt to deny Plaintiffs' claim that it failed to provide the subjects of the discoverable information known to each individual DVT intended to call as a witness in support its defense. DVT also does not contend that its lack of disclosure was substantially justified. Its only argument is that the failure to disclose was harmless – for a number of reasons.

First, DVT suggests that Plaintiffs had "more than enough time to depose Mr. Chapman, who is the owner of DVT, had they wanted to ascertain the subject matter of his testimony." *Def. Resp. Br.*, p. 3, Dkt. 49. Second, DVT argues that Plaintiffs cannot claim prejudice as to Leann Sauer, Seth Driggs and Noah Wells because the Plaintiffs themselves disclosed these individuals as potential witnesses in either their initial

disclosures or at other times during discovery. Finally, DVT suggests that Plaintiffs cannot claim prejudice "when they did not perform even the most basic of discovery as to individuals with knowledge of what potential testimony would be at trial." *Id.* DVT then explains how the initial disclosure rule only states that the parties identify the general subject of discoverable information, and suggests that it did not need to disclose the subject matter because Plaintiffs already had the information.

The problem with DVT's argument is that it misapprehends the standard. Rule 26(a)(1)(A)(i) plainly states that a party must provide the subjects of the discoverable information "without awaiting a discovery request. . . ." FRCP 26(a)(1)(A)(i). Indeed, one of the obvious purposes of the initial disclosure rule is to provide each party with enough information to make an informed decision as to whether they want to incur the substantial expense of deposing a disclosed witness or engaging in other types of discovery to determine the specifics of that witness's knowledge about the case. DVT's argument would be inconsistent with that goal and would run afoul of the command of Rule 1, that the Rules are to be construed and administered to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The resolution of this matter is fairly straightforward. Under these circumstances, the Court finds that if Plaintiffs were, in fact, aware of the subject matter each of these witnesses would testify about then the failure to disclose was harmless. Thus, DVT may call these witnesses to testify – but only as to the subject matter Plaintiffs listed as to each

witness. However, DVT may not call the witnesses to testify to any subject matter not listed by Plaintiffs in their disclosures.

3.      **Tracey Tremelling**

Plaintiffs ask the Court to preclude Tremelling from testifying about what Pushers do generally, and what Plaintiffs did specifically. Obviously, Tremelling cannot testify as to matters where he has no personal knowledge. Thus, if he has no personal knowledge about what Plaintiffs did specifically, which DVT does not appear to deny, he cannot testify to such. On the other hand, if he does have personal knowledge, then counsel for DVT will be required to ask foundational questions to establish that personal knowledge before asking Tremelling about what the Plaintiffs actually did as part of their work responsibilities.

Whether Tremelling may testify as to what Pushers do generally is more nuanced. As Judge Bryan noted in his opinion denying summary judgment in this case, the title of an employee is not material; rather his or her status is determined by the actual duties performed. 29 C.F.R. 782.2(b)(2); *Porter v. Poindexter*, 158 F.2d 759, 761 (10th Cir. 1947). Both parties appear to agree with this statement of the law. However, Plaintiffs ask the Court to preclude Tremelling, DVT's financial director, from testifying about what a Pusher's typical duties are because it will confuse the jury about what Plaintiffs actually did. At this point, the Court disagrees. Giving the jury background information about DVT's understanding of a Pusher may provide the jury with proper context. Moreover, the Court will give the jury the proper jury instructions about what they should

evaluate in determining whether Plaintiffs are exempt from the FLSA. The Court may reconsider this ruling during trial if it appears there is confusion or if the testimony provided by Tremelling is irrelevant, and the Court may give a limiting instruction that such testimony is only to provide background, and is not evidence of what work the Plaintiffs, or other Pushers, actually performed. But for now the Court will deny Plaintiffs' request.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion in Limine (Dkt. 32) is **GRANTED in part** and **DENIED in part** as explained above.

DATED: October 2, 2014

B. Lynn Winmill
Chief Judge
United States District Court