UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN A. MOORE and DEDE JARDINE,, <br><br> Plaintiffs, <br><br> v. <br><br> DEER VALLEY TRUCKING, INC., <br><br> Defendant. | Case No. 4:13-cv-00046-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it Defendant's Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (Dkt. 76), Plaintiffs' Motion for Liquidated Damages (Dkt. 67), and Plaintiffs' Petition for Allowance of Attorney Fees (Dkt. 71). Soon after the motions became ripe, the case was automatically stayed because of a bankruptcy filing. The Ninth Circuit has since "terminated" the stay "as to movants, Jardine and Moore, for the limited purpose of allowing the United States District Court for the District of Idaho to make a final determination of attorneys' fees and costs. . . ." Dkt. 87-1. Accordingly, the Court will address only the motion for fees and costs below.

MEMORANDUM DECISION AND ORDER - 1

ANALYSIS

1.     **Attorney Fees**

Plaintiffs ask for an award of fees and costs for prevailing on their claims against DVT. In an FLSA case such as this one, Title 29 § 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "case law construing what is a 'reasonable' fee applies uniformly" to all federal fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Anderson v. Director, Office Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir.1996). In determining a reasonable attorney's fee, the Court must begin with the "lodestar" figure which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir .2000).

There is a "strong presumption" that the lodestar is the reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). The Court can only deviate from the lodestar figure based on factors other than those already taken into consideration in the lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir.1996), amended on other grounds, 108 F.3d 981 (1997). That is, factors such as the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, the results obtained, and the contingent nature of the fee agreement are to be considered when determining the lodestar amount rather than

when determining whether deviation from the lodestar amount is warranted. *Id.* at 364, n.9.

Here, DVT does not dispute that Plaintiffs are entitled to an award of attorney fees. It does, however, dispute the amount of fees and whether certain costs and fees should be included.

First, DVT suggests that Plaintiffs have not provided evidence that Plaintiffs' counsel charged prevailing rates. A district court should calculate the reasonable hourly rate according to the prevailing market rates in the relevant community, which is typically the community in which the district court sits. *Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 906 (9th Cir.1995). The relevant community in this case is Southeast Idaho.

The affidavit of lead counsel for Plaintiffs, James Holman, is sufficient to establish the prevailing rate for counsel in Southeast Idaho. Dkt. 70. Moreover, I have been one of only two district judges in the District of Idaho for the past 21 years, and I am familiar with the rates charged by lawyers in the District of Idaho for FLSA cases. The rates listed by Plaintiffs' counsel are reasonable prevailing rates for attorneys of Plaintiffs' counsel's experience, reputation and expertise. Dkt. 70.

Next, DVT asks the Court to reduce the fee award for attorney time spent dealing with the expert in this case because the expert had to revise his opinion to address some mistakes, and because Plaintiffs apparently recovered less than they initially expected to recover based upon the expert's revision. If a plaintiff achieves only partial or limited success, the Court does have discretion to reduce the amount of the fee award. *See*

**MEMORANDUM DECISION AND ORDER - 3**

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). However, the Court is not required to reduce the fee award simply because some mistakes were made, which resulted in reducing the damages by a few thousand dollars as happened in this case. The Court will not exercise its discretion to do that here – the Plaintiffs ultimately prevailed on their claims even though the damages were not what they originally hoped to recover. Counsel's time spent working with the expert is recoverable.

Finally, DVT asks the Court to deny Plaintiffs' request for costs attributed to the expert, postage and photocopies. With respect to the expert fees, DVT argues that the FLSA does not allow for an award of expert fees. DVT cites the Tenth Circuit's decision in *Gray v. Phillips Petroleum Co.,* 971 F.2d 591 (10th Cir. 1992) for the proposition that § 216(b) does not provide explicit statutory authority for the recovery of expert witness fees. Instead, it provides only for the shifting of a reasonable attorney's fee and the costs of the action. *Gray* references *West Virginia Hospitals, Inc. v. Casey,* 499 U.S. 83 (1991) for the conclusion that the phrase "a reasonable attorney's fee" does not include within its scope expert witness fees. Moreover, "costs" are defined in 28 U.S.C. § 1920, which does not include expert witness fees unless the expert is appointed by the court. 28 U.S.C. § 1920(6).

The Ninth Circuit has not addressed this issue, but the Tenth Circuit's conclusion is an accurate reading of the statute, *Casey*, and § 1920. It also appears to be in line with several other courts which have addressed the issue. *See e.g., Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.,* 2009 WL 1117362, *2 (S.D.Fla. 2009); *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 411 (7th Cir. 1999); *James v. Fenske,* 2013

**MEMORANDUM DECISION AND ORDER - 4**

WL 656821, *2 (D.Colo. 2013); *Padurjan v. Aventura Limousine & Transp. Service, Inc.,* 441 Fed.Appx 684, 687 (11th Cir. 2011). The Court agrees with this conclusion, and will not award expert witness fees. The same can be said for the minimal postage and photocopy fees – they are not statutorily authorized, and Plaintiffs may not recover costs for them.

## ORDER

IT IS ORDERED:

1. Plaintiffs' Petition for Allowance of Attorney Fees (Dkt. 71) is **GRANTED IN PART** and **DENIED IN PART** as explained above.

DATED: September 12, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 5