UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN A. MOORE and DEDE JARDINE,, <br><br> Plaintiffs, <br><br> v. <br><br> DEER VALLEY TRUCKING, INC., <br><br> Defendant. | Case No. 4:13-cv-00046-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Liquidated Damages (Dkt. 67), Defendant's Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (Dkt. 76), and Defendant's Motion to Strike (Dkt. 78). These motions have been fully briefed for more than 3 years, but the case has also been stayed for that long because of a bankruptcy filing. The Court understands that the bankruptcy was recently dismissed, so the motions are now ripe for decision.

## ANALYSIS

1.  **Rule 50 Motion**

    Deer Valley Trucking ("DVT") asks for judgment as a matter of law. The motion is a renewed Rule 50 request. The same legal standard applies to a renewed motion for a directed verdict as to the original motion. Under Rule 50(b), when a court does not grant

a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. Fed.R.Civ.P. 50(b). The party may then file a renewed motion for judgment as a matter of law. *Id.*

"Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir.2008) (internal citation omitted). Thus, "[a] motion for a judgment as a matter of law is properly granted only if no reasonable juror could find in the non-moving party's favor." *Id*. (Internal citation omitted). Evidence must be viewed in the light most favorable to the nonmoving party, with all reasonable inferences drawn in favor of that party. *Id*. at 1205–06. Judgment as a matter of law is not appropriate if conflicting inferences may be drawn from the facts. *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 959 (9th Cir.2000).

DVT renews its Rule 50 motion on the grounds that the plaintiffs were not exempt from the Motor Carrier Act because they were loaders. DVT gives very little argument other than to reincorporate its arguments made at trial. For the same reasons stated at trial, the Court will deny the motion. The Court instructed the jury on the definition of a loader. *Jury Inst.* 15, Dkt. 66. In part, that definition explained that an employee does not fall within the exemption for a loader merely because he furnishes physical assistance when necessary in loading heavy pieces of freight, or because he deposits pieces of freight in the vehicle for someone else to distribute and secure in place. *Id*. As the Court explained when it denied the Rule 50 motion at trial, construing the evidence in a light

most favorable to the plaintiffs, there was clear evidence that the plaintiffs connected the hoses from the fracking tank to the pod, possibly a hose to the pod which then the truckers connected to the truck. And plaintiffs were instructed not to touch the truck. Under these circumstances, there was an issue of fact for the jury to conclude whether that kind of conduct constituted loading and involved the exercise of discretion to ensure the safe operation of the trucks on the interstate highways. The jury later made its determination, which was supported by the evidence. Accordingly, the renewed Rule 50 motion will be denied.

2.     **Rule 59 Motion**

Rule 59(a) states that the Court may grant a new trial on all or some of the issues, and to any party, "after a jury trial, for any reason for which a new trail has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).  The Ninth Circuit has not specified the grounds on which a motion for a new trial may be granted. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Instead, "the court is bound by those grounds that have been historically recognized." *Id.* (Internal citation and quotation omitted). Those "grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Id.* (Internal quotation and citation omitted).

The standard set forth by the Ninth Circuit is that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id.* (Internal quotation

**MEMORANDUM DECISION AND ORDER - 3**

and citation omitted). Thus, "[u]pon the Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Id.* (Brackets in original)(Internal quotation and citation omitted).

Here, as to Plaintiff Jardine, DVT argues that there was no evidence supporting Jardine's damages based upon her hours worked. However, as the Court ruled at trial, DVT had a duty to maintain records of Jardine's hours. The evidence showed that DVT failed to do that. Thus Jardine was left in a position where she had to recreate a past work history, which she did and presented to the jury. The jury could have based its decision on her testimony, which is sufficient to let the verdict stand.

DVT next appears to simply reassert its Rule 50 argument that both Jardine and Moore were not loaders. For the same reasons the Court denied that argument on the Rule 50 motion, the request is denied as to the Rule 59 motion – as explained above, there was sufficient evidence for the jury to determine that both Jardine and Moore were loaders.

3. **Motion for Liquidated Damages**

"Section 216(b) provides that an employer who violates the Act shall be liable for unpaid overtime compensation plus an additional equal amount as liquidated damages." *Local 246 Utility Workers Union of America v. Southern California Edison Co.,* 83 F.3d 292, 297 (9th Cir. 1996). "Double damages are the norm, single damages the exception. . . ." *Id.* (Internal quotation and citation omitted). An employer may escape liquidated

**MEMORANDUM DECISION AND ORDER - 4**

damages if it shows "subjective and objective good faith in its violation of the FLSA." *Id.* But liquidated damages are mandatory if the employer fails to carry that burden. *Id.* "The employer's burden is to establish that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that [its] conduct complie[d] with the Act." *Id.* (Internal quotation and citation omitted).

Here, DVT attempts to meet its burden through the affidavit of Wade Chapman. Chapman is the President and owner of DVT. *Chapman Aff.,* Dkt. 75-1. Chapman asserts that he researched whether DVT was required to pay overtime to pushers by googling "overtime exempt" and finding the Motor Carriers Act. *Id.* He did further research by contacting the Department of Labor office in Denver, Co. *Id.* He asked someone at the Department of Labor about advisory or administrative opinions on the matter, and was pointed to the department's website. *Id.* He states that he was never provided an administrative or advisory opinion on the issue. *Id.* He then decided to stop compensating pushers by the hour, and started paying them a day rate.

If a company could fulfill its good faith obligation by having a company official simply call the Department of Labor, not get an answer to its question, and then choose not to pay overtime, Section 216(b)'s liquidated damages provision would have no teeth. As explained above, double damages are the norm, single damages the exception. Making a few calls to the Department of Labor does not show an honest intention to ascertain and follow the dictates of the Act. Accordingly, the motion for liquidated damages will be granted, and DVT shall pay each plaintiff an additional amount equal to the amount the jury awarded that plaintiff as liquidated damages.

**MEMORANDUM DECISION AND ORDER - 5**

# ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (Dkt. 76) is **DENIED**.

2. Plaintiffs' Motion for Liquidated Damages (Dkt. 67) is **GRANTED**.

3. Defendant's Motion to Strike (Dkt. 78) is **DEEMED MOOT** because it does not affect the Court's decisional process on the other motions.

DATED: August 13, 2018

B. Lynn Winmill
Chief U.S. District Court Judge